IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN D. LOGGINS, Sr.,**

       **Plaintiff,**

    v.                         CASE NO. 11-3079-SAC

**SEDGWICK COUNTY**
**SHERIFF DEPT., et al.,**

       **Defendants.**

## O R D E R

This "Motion Seeking . . . Court Order regarding Movants Subpoena" was filed pro se by an inmate of Hutchinson Correctional Facility, Hutchinson, Kansas. Plaintiff seeks leave to proceed in forma pauperis. He has also filed a "Motion to Amend." Having considered the materials filed, the court finds as follows.

Plaintiff's allegations indicate the following. He currently has an "appeal" pending before the Kansas Court of Appeals: <u>State of Kansas v. Loggins</u>, Appellate Case No. 103345 (SG Co. Dist.Ct. Case No. 95-CR-1859). Records he describes as the "Information of Inmates Movement Card and Transport docket for the month of November 1995" for inmate Kevin Loggins are "exculpatory evidence" in his pending appeal. In January 2011, he wrote to the Sedgwick County Sheriff's Department and requested these records. He exhibits the response, which advised that he or his attorney could inspect his records, or that office could "release (to) your attorney copies of records showing your requested documents upon receiving a court order." He was also advised of the retrieval and copy fees. In his Motion to Amend, plaintiff seeks to "add Karen L. Powell (Assistant County Counselor) to the action." To this motion, he attaches a letter from Powell dated April 22, 2011, that is in response to

"receipt" of plaintiff's filing in this case. Therein, Powell informed plaintiff that "inmate case files prior to the year 2000" were approved for destruction and destroyed in March, 2011, and that six pages of "criminal history record information" could be inspected under state law or obtained by "a validly executed subpoena or a court order." Plaintiff vaguely alleges that "movant challenges the Sedgwick County Courts Jurisdiction in the case" and the "record sought is the only way to prove whether jurisdiction existed or not."

Plaintiff asks this court to "issue the subpoena ordering the court to release the requested documents" and order respondents to produce said records or the court order which authorized their destruction, or to "deem said evidence" in favor of movant. Plaintiff attaches a Subpoena pursuant to Fed.R.Civ.P. Rule 45.

**FILING FEE**

The fee for filing a civil action in federal court is $350.00. Mr. Loggins moves for leave to proceed without prepayment of fees, and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full $350 fee. Instead, being granted leave merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's

account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit was $136.99, and the average monthly balance was $47.08. The court therefore assesses an initial partial filing fee of $27.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Loggins is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a claim.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

3

behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's Motion together with his Motion to Amend utterly fail to state a claim for relief in federal court.[1] Mr. Loggins does not explain why he is motioning this federal court for issuance of a subpoena or to order production of records that he wishes to have produced in a pending proceeding in the Kansas Court of Appeals (KCA). His citation to Rule 45, Fed.R.Civ.P., provides no such authority. Instead, Rule 45(2), which governs subpoena practice for trial or hearing in the federal courts, provides that a "subpoena must issue" from the court where the hearing or trial is to be held or where the production is to be made. Plaintiff's state criminal appeal is pending in the KCA, not this federal district court, and the hearing or trial for which he seeks these records is in the KCA, not this court. Plaintiff does not show that he has any trial or hearing scheduled in federal court. The docket in his case pending in the KCA indicates that he is represented by counsel in that case. As he was advised in one of the letters he exhibits, he should consult with his counsel as to how to obtain documents for production in his state case.

The court finds that this action is frivolous and should be

---

[1] This motion is not a proper Motion to Amend Complaint that conforms to Fed.R.Civ.P. Rule 15. In order to add a party or claim to a complaint, the plaintiff must file an Amended Complaint. See Fed.R.Civ.P. Rule 15. An Amended Complaint completely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint. Any claims not included in the Amended Complaint shall not be considered. Plaintiff may not add claims or parties to his original complaint by simply filing a motion or other paper in which he makes additional allegations or simply states that he adds a claim or party. The court treats this filing as a Supplement, rather than an Amended Complaint, and has considered the contents and the attached letter. If plaintiff wishes to actually add parties or claims he must file a proper "Motion to Amend" with a complete "Amended Complaint" on court-approved forms attached to the motion.

dismissed under 28 U.S.C. § 1915(a). The court further finds that it should count as strike under 28 U.S.C. § 1915(g). Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. If plaintiff accumulates two more strikes, he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous.").

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 27.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff must show cause why this action should not be dismissed for failure to state a claim for relief in federal court and counted as a strike.

5

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Amend" (Doc. 3) is denied, and the contents of this pleading was instead considered by the court as a Supplement.

**IT IS SO ORDERED**.

Dated this 14th day of June, 2011, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>