IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN D. LOGGINS,**

        Plaintiff,

      v.                              CASE NO.  11-3079-SAC

**SEDGWICK COUNTY**
**SHERIFF'S DEPARTMENT,**
**et al.,**

        Defendants.

### O R D E R

The initial pleading filed in this action was entitled "Motion Seeking . . . Court Order regarding Movants Subpoena." Upon screening, Mr. Loggins was given time to pay, or object to, an initial partial filing fee and show cause why this action should not be dismissed for failure to state a claim for relief.  He was also directed to show cause why this action should not be counted as a strike.  The time in which Mr. Loggins was required to comply with the court's Order has expired and nothing further has been submitted by him.

"Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order'." Young v. U.S., 316 Fed.Appx. 764, 771 (10th Cir. Mar. 12, 2009)(citing Fed.R.Civ.P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31

(1962); <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b). <u>Id</u>. at *6 (citations omitted). The court concludes that this action must be dismissed on account of plaintiff's failure to pay the assessed, initial partial filing fee, and failure to show cause why this action should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied, and this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that this action counts as a strike under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated this 20th day of July, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge
